C\m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AUDIOVOX CORPORATION,                    MEMORANDUM AND ORDER

             Plaintiff,                     CV 07-4622

      -against-                                    (Wexler, J.)

MONSTER CABLE PRODUCTS, INC.,

            Defendant.
----------------------------------------------------------X

APPEARANCES:

    GREENBERG TRAURIG, LLP
    BY: MICHAEL A. NICODEMA, ESQ.
    200 Park Avenue
    New York New York 10166
    LEVY, STOPOL &CAMELO, LLP
    BY: ROBERT S. LEVY, ESQ.
    1425 Rexcorp Plaza
    Uniondale, NY 11556-1425
    Attorneys for Plaintiff

    SILLS CUMMIS & GROSS P.C.
    BY: MARC S. FRIEDMAN, ESQ.
    One Rockefeller Plaza
    New York, New York 10020
    LaRIVIERE, GRUBMAN & PAYNE, LLP
    BY: ROBERT W. PAYNE, ESQ.
    19 Upper Ragsdale Drive, Suite 200
    P.O. Box 3140
    Monterey, California 93942
    Attorneys for Defendant

WEXLER, District Judge

    This is a declaratory judgment action commenced by Plaintiff Audiovox Corporation

("Audiovox") against Defendant Monster Cable Products, Inc. ("Monster"). Audiovox seeks a

judgment of non-infringement and invalidity with respect to Monster's U.S. Patent No.

4,910,360 (the "'360 Patent") and its Trademark Registration No. 1,647,907 (the "'907 Registration"). Presently before the court is Monster's motion to dismiss counts IV and V of the Complaint. These causes of action allege seek cancellation of the '907 Registration on the ground that it was fraudulently obtained as a result of intentional misstatements made by Monster's counsel before the Patent and Trademark Office (the "PTO"). For the reasons set forth below, the motion is denied.

## Background

I. The Parties

Audiovox, a Delaware corporation with its principle place of business in this district, is engaged in the business of distributing a variety of consumer electronic products including automobile and home sound systems, television accessories, audio speakers and wires. Under its brand name "Acoustic Research," Audiovox distributes electrical speaker wire for use in connecting audio and home entertainment products, such as electronic amplifiers, to audio loudspeakers.

Monster is a California corporation with its principle place of business in that state. Monster competes with Audiovox in the field of consumer electronics. Relevant to this matter is Monster's competition with Audiovox in the field of audio speaker wire The allegations of the complaint, taken as true for the purpose of this motion, follow.

II. The Complaint

    A. The Patent and the Trademark Registration at Issue
        and the Allegations of Infringement and Invalidity

Monster owns the '360 Patent, which is a patent for a "cable assembly having an internal dielectric core surrounded by a conductor." This patent was issued in 1990, and is set to expire in

January of 2009. Monster is also owner of the '907 Registration, a 1991 trademark registration for a certain type of speaker wire. The '907 Registration is a mark that "consists of a pair of stranded copper conductors each twisted into a rope lay and enclosed by transparent cylindrical insulation." Prior to initiation of this lawsuit, Monster communicated its position to Audiovox that electrical speaker wire, marketed under the Acoustic Research brand name, infringes the '360 Patent as well as the '907 Registration. Audiovox commenced this action seeking a judgment declaring that its speaker wire infringes neither the Monster patent nor the registration. In addition to seeking a judgment of non-infringement, Audiovox seeks to have the '907 Registration declared invalid.

B.  Counts IV and V of the Complaint

The validity of the '907 Registration is referred to in Counts IV and V of the Audiovox Complaint. Count IV alleges a violation of 15 U.S.C. §1119 ("Section 1119"), which empowers a court in any action involving a registered mark to, inter alia, order the cancellation of a trademark registration. 15 U.S.C. § 1119. Count V of the complaint alleges a violation of 15 U.S.C. § 1120 ("Section 1120"), which states that any person who obtains a registration of a mark "by a false or fraudulent declaration or representation . . . or by any false means," is liable to any person injured by such false registration for "any damages sustained in consequence thereof." 15 U.S.C. § 1120.

The facts alleged in support of Counts IV and V of the complaint set forth details of Monster's prosecution of the '907 Registration. Specifically, Audiovox alleges that the application for the '907 Registration begin in 1987 and was filed by the same attorney who prosecuted the '360 Patent, as well as a second patent involving wire, which the court will refer to as the "'544 Patent." It is alleged that in 1988, the PTO examiner handling the application

refused registration on functionality grounds because the "proposed mark consists of a design feature of the identified goods which serves a utilitarian purpose." The examiner is alleged to have asked Monster whether the proposed mark was the subject of either a design or utility patent and to provide all information concerning any such patent. In response, Monster is alleged to have stated that the proposed mark was not the subject of either a design or utility patent.

Audiovox alleges that Monster's statements with respect to the non-existence of any utility patent pertaining to its proposed mark were willfully and knowingly false and misleading. It is further stated that the failure to disclose the existence of either the '544 or the '360 Patents was also false and misleading. These alleged misstatements and omissions are alleged to have been material to the procurement of the '907 Registration and to have constituted a fraud upon the PTO. As a result of these misstatements, Audiovox seeks cancellation fo the '907 Registration pursuant to Section 1119, and damages pursuant to Section 1120.

### III. The Motion to Dismiss Counts IV and V of the Complaint

Monster seeks to dismiss Counts IV and V of the complaint on the ground that these counts are "so lacking in substance under either fact or law," as to require dismissal under Rule 12(b)(6). After outlining relevant legal principles, the court will turn to the merits of the motion.

## DISCUSSION

### I. Legal Principles

#### A. Standards on Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded

the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. The "retirement" of Conley's language, see Bell Atlantic Corp., 127 S. Ct. at 1969, is not a wholesale rejection of the general pleading rules to which federal courts have become accustomed. Instead, it is a rejection of Conley's "negative gloss" on the accepted pleading standard that once a claim is stated, it may be supported by any set of facts consistent will the allegations of the complaint. Bell Atlantic Corp., 127 S. Ct. at 1969. Indeed, shortly after its decision in Bell Atlantic, the Court reiterated that the pleading of specific facts in support of a complaint is not necessary. Instead, a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erikson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

The "plausibility" language used by the Supreme Court in Bell Atlantic, has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" Iqbal v. Hasty, 2007 WL 1717803 *11 (2d Cir. June 14, 2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 2007 WL 1677760 *3 (E.D.N.Y. June 11, 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving

party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing the lawsuit. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

II. Disposition of the Motion

A registered mark may be canceled based upon misstatements in a trademark application if the plaintiff demonstrates that the statements "(1) were made with knowledge of their falsity, and (2) were material to the determination to grant the application." West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc., 761 F. Supp. 1041, 1052 (S.D.N.Y.1991), quoting, Marshak v. Sheppard, 666 F. Supp. 590, 598 (S.D.N.Y.1987); accord Bay State Sav. Bank v. Baystate Financial Services, LLC, 484 F. Supp.2d 205, 219 (D. Mass. 2007). Misstatements in a registration application will result in cancellation only if the statements were made with knowledge of their falsity and were material to the decision to grant the application. Additionally, fraud must be proven by clear and convincing evidence. Gear, Inc v. L.A. Gear California, Inc., 670 F. Supp. 508, 512-13 (S.D.N.Y. 1987).

In support of its motion, Monster draws distinctions between its patents and the '907 Registration. Specifically, it is argued that the patents were not required to be disclosed to the PTO because the patenting of the internal features referred to in the patents is irrelevant to the transparent appearance that is the subject of the '907 Registration. Audiovox takes issue not only

with Monster's characterization of the nature of its patents and the '907 Registration, but also points out that Monster's argument is improper in the context of this motion to dismiss. The court agrees.

Monster's argument goes well beyond the four corners of the complaint and requires the court to characterize the scope of the '360 and the '544 patents, as well as the '907 Registration. The court is also being called upon to consider the functionality of the subject of the '907 Registration. This is important to determine the materiality of the alleged non-disclosure as well as the issue of whether the features claimed are properly the subject of trademark protection. See Traffix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23, 29-31 (2001) (existence of an expired utility patent highly relevant in the determination of functionality). Here, facts have not yet been developed concerning the scope and coverage of either the '360 Patent or the '544 Patent. Nor has there been factual development as to the prosecution of the '907 Registration and its scope.

Monster asks the court in this motion to determine issues of falsity and materiality of particular statements. Despite Monster's argument to the contrary, this is inappropriate in the context of a dismissal motion. Audiovox has asserted sufficient facts in support of its causes of action at this pleading stage, to state claims for relief. Accordingly, the motion to dismiss for failure to state a claim must be denied.[1] Accord West Indian Sea Island Cotton, 761 F. Supp. at 1052 (S.D.N.Y.1991) (issue of truth or falsity of statements before PTO cannot be determined in context of motion for summary judgment).

---

[1] No motion is made pursuant to Rule 9 of the Federal Rules, which requires particularized pleading in cases alleging fraud. Any such a motion, however, would be denied because Audiovox has alleged more that sufficient facts to put Monster on notice of the precise nature of its claims and the statements alleged to have been false.

## CONCLUSION

Defendant's motion to dismiss Counts IV and V of the complaint is denied. If they have not already done so, the parties are directed to contact the Magistrate Judge assigned to this case for the purpose of entering into an appropriate discovery and pre-trial schedule. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 7, 2008